# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| JAMES E. COOKE, JR., | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 11-073-LPS |
| MR. PHIL MORGAN, et al., | : | |
| Defendants. | : | |

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

November 14, 2011
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

**I. INTRODUCTION**

Plaintiff James E. Cooke, Jr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**II. BACKGROUND**

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, two counts of murder in the first degree, and resultant death sentence. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

The Complaint contains four counts. In count one, Plaintiff alleges that Mr. Hackett ("Hackett") told him that Defendants Sgt. Charles ("Charles") and Lt. Williams ("Williams") indicated that Plaintiff could not help individuals with their legal work and that if Plaintiff removed his legal materials from his cell they would be confiscated. Plaintiff considers this a threat.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

In count two, Plaintiff alleges that when he had not received medical care within a month after his request, he wrote to Warden Morgan about the matter. Plaintiff requested care in November and December 2010, but alleges that "it stopped after that."[2]

Count three alleges that Plaintiff was told that pretrial detainees are not allowed law library access. Plaintiff wrote and complained to Defendant Rodderick L. Johnson, Jr. ("Johnson"), the law library supervisor, that his assistant, Mr. Angelo ("Angelo"), was charging Plaintiff for legal copies, contrary to Plaintiff's understanding that pretrial detainees are entitled to copies without cost. Plaintiff filed a grievance and wrote to Warden Morgan, but received no response.

Count four alleges that Plaintiff is the third person housed in a two-man cell, and he is forced to sleep on the floor. Plaintiff alleges that the sleeping arrangements are unsanitary because urine sometimes splashes from the toilet to the floor and at night one can hear mice running around. Plaintiff also alleges many inmates are not allowed outside recreation. Finally, Plaintiff alleges the HRYCI is overcrowded and violent and individuals receive improper medical check-ups.

Plaintiff sues: (1) Charles for malicious acts, conspiracy, threats and harassment; (2) Williams for malicious acts, conspiracy, threats and harassment, and cruel and unusual punishment; and (3) Morgan for malicious acts, conspiracy, endangering Plaintiff's life, and cruel and unusual punishment.

---

[2]In Civ. No. 11-031-LPS, Plaintiff raised a medical needs claim against Dr. Poloti regarding the medical care he discusses herein.

2

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

3

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

4

## IV. DISCUSSION

### A. Responses to Letters

Plaintiff alleges Warden Morgan failed to respond to his letters complaining about medical care and photocopy costs. The claims are frivolous.

With regard to medical care, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Third Circuit has stated that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

Here, the complaint alleges that Plaintiff wrote to Warden Morgan after he received medical care. To the extent Plaintiff bases his claim upon Warden Morgan's failure to answer his letter complaining of photocopying costs, said claim does not state a constitutional claim. Participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish involvement of those officials and administrators in underlying deprivation); *see also Cole v. Sobina*, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Ramos v. Pennsylvania Dep't of Corr.*, 2006 WL 2129148 (M.D. Pa. July 27, 2006). *Cf. Wilson v. Horn*,

971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (stating prison officials' failure to respond to inmate's grievance does not state constitutional claim). Plaintiff cannot maintain a constitutional claim merely because Warden Morgan did not respond to his letter.

For the above reasons, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B.    Threats

Plaintiff alleges that Williams and Charles violated his rights when they threatened to dispose of his legal materials. The claim is frivolous.

Allegations that prison personnel used threatening language and gestures are not cognizable claims under § 1983. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (stating defendant laughed at prisoner and threatened to hang him); *see also Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. Oct. 9, 2009) (stating verbal abuse of prisoner, even of lewd variety, is not actionable under 42 U.S.C. § 1983); *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (stating taunts and threats do not constitute Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (stating verbal harassment does not violate inmate's constitutional rights).

Accordingly, the Court will dismiss these claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C.    Access to the Courts

Plaintiff appears to allege a denial of access to the courts because he is charged for photocopying legal materials. There is no First Amendment right to subsidized photocopying.

*See Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997).

An inmate alleging inadequate access to the courts must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In addition, the legal claim must relate to a direct or collateral challenge to a prisoner's sentence or conditions of confinement. *See id.* at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).

The First Amendment right to access to courts based upon the deprivation of subsidized photocopying fails to state a claim. *See Salkeld v. Tennis*, 248 F. App'x 341, 342 (3d Cir. Sept. 13, 2007) (not published). Accordingly, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Conspiracy

Plaintiff alleges conspiracy. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional right under color of law); *Kelley v. Myler*, 149 F.3d 641, 648-49 (7th Cir. 1998) (stating agreement or understanding to deprive plaintiff of constitutional rights must exist).

The allegations are conclusory. In addition, the Complaint does not contain sufficient allegations that indicate a deprivation of Plaintiff's constitutional rights or that Defendants

7

reached an agreement to deprive Plaintiff of his constitutional rights. Therefore, the conspiracy claims will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E. **Deficient Pleading**

Count 4 alleges, in a conclusory manner, unlawful conditions of confinement. Plaintiff provides insufficient detail to support an entitlement to a claim for relief. He also seeks to raise the claims on behalf of other inmates. Because count four does not meet the pleading requirements of *Iqbal* and *Twombly*, the Court will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. **CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order follows.